# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DUWAYNE TAYLOR, | ) |  |
|---|---|---|
| #14895-026, | ) |  |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 19-cv-00816-NJR |
|  | ) |  |
| T.G. WERLICH, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Duwayne Taylor, a federal prisoner currently incarcerated at FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Taylor pled guilty to one count of felon in possession of a firearm on May 27, 2009 and was sentenced to 180 months' imprisonment on July 22, 2009. *United States v. Taylor*, CDIL Case No. 08-cr-20059-MPM. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), should be vacated. (Doc. 1). Additionally, he invokes *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) to challenge enhancement of his sentence under the Armed Career Criminal Act ("ACCA"). (*Id.*)

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---
[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

judge must dismiss the petition and direct the clerk to notify the petitioner."

### *Rehaif*

Taylor claims that the Government failed to allege and prove that he knew that he belonged to the category of persons (those with a prior felony conviction) who were prohibited from possessing a firearm, at the time he possessed a firearm. In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200 (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Taylor is not entitled to habeas relief on this issue. Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts on this issue, and a response shall be ordered.

### *Mathis*

Taylor also argues that in light of *Mathis* his Illinois aggravated discharge of a firearm conviction does not qualify to enhance his sentence under the ACCA. Taylor raised this issue in a previously filed § 2241 petition. *Taylor v. Werlich*, Case No. 16-cv-01032-NJR, 2019 WL 1763183 (S.D.Ill. April 22, 2019). In that case, the Court found that he was not entitled to habeas

relief[2] and his claim was dismissed with prejudice. *Id.* Section 2244(a) bars successive petitions under § 2241 directed to the same issue.[3] *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Changming Lin v. Madigan*, No. 3:17-CV-00346-DRH, 2017 WL 1908530, at *2–3 (S.D. Ill. May 10, 2017); *West v. Zuercher*, Case No. 07-1127, 2007 WL 2680566, at *2 (C.D. Ill. July 18, 2007). Accordingly, Taylor's claim that his Illinois aggravated discharge of a firearm conviction does not qualify to enhance his sentence under the ACCA is dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Taylor may proceed on his claim under *Rehaif* but his claim under *Mathis* is **DISMISSED with prejudice**. Respondent shall answer or otherwise plead in response to the claim under *Rehaif* within thirty days of the date this order is entered (on or before **December 23, 2019**).[4] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] Seventh Circuit precedent holds that Illinois aggravated discharge of a firearm satisfies the ACCA's definition of violent felony because it has as an element the use, attempted use, or threatened use of physical force against another person. *United States v. Curtis*, 645 F.3d 937, 940–43 (7th Cir. 2011) (aggravated discharge of a firearm); *United States v. Rivera-Valenzuela*, 492 Fed. Appx. 685, 686–88 (7th Cir. 2012) (aggravated discharge of a firearm).

[3] Taylor attempts to circumvent this bar by making a different argument on the same issue. Even if he could do so, his argument that an Illinois aggravated discharge of a firearm conviction cannot be used for enhancement under the ACCA because the Illinois criminal code's definition of person is not an exact match with the definition of person applicable to the ACCA has no merit.

[4] The response date ordered here is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Taylor is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 22, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**