IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DUWAYNE TAYLOR,**

    Petitioner,

v.

**T.G. WERLICH, WARDEN,**

    Respondent.

Case No. 3:19-CV-00816-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Duwayne Taylor, an inmate in the Bureau of Prisons, filed this *pro se* Habeas Corpus action pursuant to 28 U.S.C. § 2241 on July 26, 2019. (Doc. 1). Taylor invokes the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019), as the basis for his claim. Respondent filed a response to the petition on February 20, 2020, denying Taylor's alleged grounds for relief.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Taylor was indicted in 2008 and entered a guilty plea on one count of being a Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1) on May 27, 2009. *United States v. Taylor*, Case No. 08-cr-20059 at Doc. 15 (C.D. Ill.). In his plea agreement, Taylor agreed that he had three prior convictions which qualified him as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA") and that prior to October 27, 2008, he had been convicted of "Felony Damage to Property, Robbery, Aggravated Discharge of a Firearm, Felony Criminal Trespass, Aggravated Battery, and additional charges"

(Doc. 14-1 at 5). Taylor was sentenced to 180 months' imprisonment, five years of supervised release, and a special assessment of $100. *Id.* at Doc. 20.

Taylor did not file a direct appeal. He did, however, file a motion under 28 U.S.C. § 2255 in the Central District of Illinois asserting that the ACCA was unconstitutionally applied and that his counsel provided ineffective representation. The motion was denied. *Taylor v. United States*, Case No. 10-cv-2109-MPM-DGB, Doc. 11 (C.D. Ill. Oct. 20, 2010). In 2015, Taylor filed a Section 2241 petition in this district relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015). That petition was denied without prejudice, with leave to refile as an authorized successive motion under Section 2255. *Taylor v. Cross, Jr.*, Case No. 15-cv-0735-DRH, Docs. 12, 16 (S.D. Ill. Sept. 11, 2015 and Oct. 23, 2015). The Seventh Circuit denied Taylor's request to bring a successive 2255 motion. *Taylor v. United States*, No. 16-2555, Doc. 7 (7th Cir. July 18, 2016).

Taylor now brings this motion pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255(e), arguing that *Rehaif v. United States* constitutes a change in statutory interpretation which warrants overturning his original conviction.

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but rather are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A

Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of

3

structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

### THE REHAIF DECISION

On June 21, 2019, the Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a

conviction.

## ANALYSIS

Respondent in this case concedes that Taylor's claim meets the at least the first two *Davenport* requirements (Doc. 14 at 11), but argues he cannot meet the third factor because of ample available evidence that Taylor knew he had been previously convicted of several felonies at the time he possessed the firearm in question.

Taylor was convicted of state court felony offenses in March 1999, October 1999, and July 2006. These convictions are established by state court records, and Taylor acknowledged these convictions in his plea agreement, further failing to contest them in his pre-sentencing report (Docs. 14-1, 14-7, 14-8, 14-9, 14-10). Indeed, even in his current filing, Taylor does not appear to contest the fact that he does have three prior felony convictions (Doc. 1 at 7). Rather, Taylor merely argues that the Government did not specifically allege that he was a felon.

This approach, hinging on a mere technicality, does not rise to the level necessary to show a miscarriage of justice under *Davenport*. Given the clear evidence supporting the conclusion that Taylor had several prior felony convictions, no reasonable jury or grand jury could have come to the conclusion that Taylor was not a felon for the purposes of 18 U.S.C. § 922(g)(1). Accordingly, the Court must dismiss his petition.

## CONCLUSION

Duwayne Taylor's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Taylor wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Taylor plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Taylor does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Taylor to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  December 30, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**